UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60968-CIV-ALTMAN/Hunt

**DANEETO HOWARD**,

    *Plaintiff*,

v.

**IFIXANDREPAIR, LLC**, *et al.*,

    *Defendants*.

_____/

## ORDER

The parties filed a Joint Stipulation for Dismissal with Prejudice [ECF No. 8] (the "Stipulation"). In the Stipulation, the parties say that they have settled this matter in full and ask the Court to dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Because the parties have not submitted their settlement agreement for approval—as is required under the Fair Labor Standards Act ("FLSA")—the parties' request for dismissal is **DENIED** with leave to file an amended Stipulation by **June 29, 2020**.

The Eleventh Circuit has held that "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982). The first is when the Secretary of Labor supervises an FLSA settlement and the employer "pays in full" the wages. *Id.* at 1353 (citing 29 U.S.C. 216(c)). The second is when employees "bring a private action" under the FLSA, "present to the district court a proposed settlement," and successfully move the district court to "enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* (citing 29 U.S.C. 216(b)). The Eleventh Circuit pronounced these standards in light of the FLSA's purpose of

"protecting workers" and mitigating the "great inequalities in bargaining power between employers and employees." *Id.* at 1352.

Here, the parties have not achieved settlement in either of the two ways set out in *Lynn's Food*. *First*, the parties have not negotiated the settlement before the Secretary of Labor. *Id.* at 1353. *Second*, the parties have not taken "[t]he only other route" to settlement: submitting their settlement agreement to the Court for approval. *Id.* As a result, the Court may not approve the settlement or close the action with prejudice. *See, e.g.*, *Perez-Nunez v. N. Broward Hosp. Dist.*, 609 F. Supp. 2d 1319, 1321 (S.D. Fla. 2009) (declining to grant stipulation of dismissal with prejudice in FLSA action on the grounds that, "since the proposed dismissal would be with prejudice, and would thus preclude plaintiff from re-filing her FLSA claim, it cannot be granted without this Court's approval"); *see also Turner v. Interline Brands, Inc.*, 2016 WL 7973120, at *2 (M.D. Fla. Nov. 8, 2016) ("[P]arties are not able to stipulate to the dismissal with prejudice of their [FLSA] claims without judicial approval.").

The parties suggest that their settlement is not subject to court approval because the Plaintiff has received "payment-in-full for all of his claims, including his claim for wages, liquidated damages, and attorneys fees and costs." *See* Stipulation at 1. "As such," the parties say, "the resolution of this matter does not constitute a 'compromise' which would involve Court review and/or approval pursuant to" the Eleventh Circuit's ruling in *Lynn's Food*. *Id.* The Court is not convinced.

*First*, while the Eleventh Circuit has not directly rejected the parties' position, *see Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (declining to decide "what, if any, judicial oversight applies under *Lynn's Food* when full satisfaction of the FLSA claim is made"), the best reading of *Lynn's Food*—the Eleventh Circuit's closest look at the issue—is that Court approval is required

for both "settlements" and "compromises," *see Lynn's Food*, 679 F.2d at 1352 (noting that "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees").

*Second*, by this Court's count, the trend in this District is to require judicial oversight, even when an FLSA plaintiff is satisfied in full. *See, e.g.*, *Garlobo v. Cent. Tire Corp.*, 2013 WL 2444870, at *1 (S.D. Fla. June 5, 2013) ("[Plaintiff] first argues that because he is settling for the full amount of his FLSA claim, no judicial approval of the settlement is required. . . . The Court finds this argument unpersuasive."); *Silva v. Miller*, 547 F. Supp. 2d 1299, 1302 (S.D. Fla. 2008) ("Plaintiff asserts that the Court should not review the parties' Settlement Agreement because she recovered all of the wages to which she was entitled. This argument runs contrary to the purpose of the FLSA and Eleventh Circuit precedent."), *aff'd on other grounds*, 307 F. App'x 349 (11th Cir. 2009); *Demosthenes v. Fla. Bottling, Inc.*, 2008 WL 4382847, at *1 (S.D. Fla. Sept. 25, 2008) (rejecting the argument that "Plaintiff is receiving payment in full for all of his claims" and "thus this does not constitute a compromise requiring the Court's review and/or approval per the standard in *Lynn's Food Stores*").

The parties do not grapple with—or even acknowledge—these decisions but instead point to two cases that arguably (and unconvincingly) come to the opposite conclusion. The parties first cite to *Mackenzie v. Kindred Hosps. E., L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003), a non-binding decision that is readily distinguishable. In particular, unlike here, *Mackenzie* concerned the validity of a Rule 68 offer of judgment, *not* a settlement agreement. Either way, all the decisions from this District cited above either rejected *Mackenzie* or else declined to extend its reach. The parties next cite *Gibboney v. McMahon's Irrigation & Landscaping, Inc.*, Case No. 08-

3

60405-CIV-GOLD (S.D. Fla. 2008), ECF No. 10—which approved an undisclosed FLSA settlement with absolutely *no* comment or explanation and, thus, is of little help to us here.

*Third*, even if the parties were correct that judicial approval is not required when the parties "settle" rather than "compromise," the Court cannot say whether, as a matter of fact, there is no compromise here. Although the parties disclosed to the Court the monetary terms of their settlement—noting that the Plaintiff was paid in full for wages, liquidated damages, and attorneys' fees—the parties have not disclosed *any* non-monetary terms of their agreement. *See generally* Stipulation. For example, in exchange for "payment-in-full," the Plaintiff may have agreed—in a compromise—to a confidentiality provision or a general release of his claims, which courts routinely screen for and reject in FLSA settlements. *See, e.g.*, *Gomez v. Mena Food Group, LLC*, 20-60068-CIV-ALTMAN (S.D. Fla. May 21, 2020), ECF No. 24.

Indeed, the very district judge who authored *Mackenzie* (the case the parties principally rely on) noted this precise problem—that an FLSA case "settled in full" may nonetheless involve a non-monetary compromise—and, thus, emphasized that the *Mackenzie* ruling was "exceedingly narrow" and only applies where "judicial inquiry confirms both 'full compensation' and 'no side deal' (in other words, the absence of compromise)." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010). As that court explained: "[T]he employer in an FLSA case might offer full monetary compensation to the employee for the FLSA claim but might require the employee to refrain from informing fellow employees about the result the employee obtained." *Id.* "Or the employer might require the employee to trim the shrubbery at the employer's home each weekend for a year." *Id.* In either case, "the employee receives a full wage but relinquishes something else of value"—and thereby enters into a "compromise" that requires judicial approval. *Id.*

Accordingly, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. The Stipulation [ECF No. 8] is **DENIED without prejudice**.

2. The parties must submit for approval a revised stipulation, along with their settlement agreement, by **June 29, 2020**. The parties are reminded that: (1) confidentiality provisions and broad general releases are prohibited in FLSA settlements; and (2) the Court must approve the amount of attorneys' fees and costs. To that end, the parties must present an affidavit or exhibit detailing (a) the number of hours Plaintiff's counsel worked on this case, (b) the work that was done during those hours, (c) the hourly billing rate that counsel used to calculate the fees, and (d) any other costs Plaintiff's counsel reasonably expended on this case.

3. Because the parties have notified the Court that this action has settled, the Court directs the Clerk of Court to **CLOSE** this case for administrative purposes only. Any pending motions are **DENIED as moot**. Any pending hearings and deadlines are **TERMINATED**. If the parties fail to complete the expected settlement, any party may ask the Court to reopen the case.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 22nd day of June 2020.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record